UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HOWARD A. LIGHTNER, | ) | CASE NO. 4:06 CV 820 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DET. SGT. WALKER, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 7, 2006, pro se plaintiff Howard A. Lightner filed this action under 42 U.S.C. § 1983 against Columbiana County Sheriff's Department Detective Sergeant Walker, Columbiana County Jail Warden Henry F. Escoia, Columbiana County Jail "Medical Staff" Member Van Kridler, Civi Genics, and the Columbiana County Jail. In the complaint, plaintiff asserts that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He seeks an order from the court requiring the defendants to provide medical treatment and monetary damages in the amount of $ 750,000.00.

*Background*

Detective Walker arrested Mr. Lightner on February 1, 2006. Mr. Lightner contends that at the time of his arrest, he informed Detective Walker that his hand was broken and requested

that he be taken to the hospital for treatment. He indicates he was told that his hand would be examined upon arrival at the Columbiana County Jail, which he claims is "privately owned" by Civi Genics. He states he reached the jail at approximately 11:00 p.m. and was placed in a holding cell. He continued to complain about his hand, and at 9:00 a.m. the following morning, defendant Van Kridler was summoned. He acknowledged that Mr. Lightner's hand was bruised and that there was some sort of protrusion; however, he stated that all he could provide was Advil until a physician could examine it later in the week.

Mr. Lightner was moved to the general population several hours later, and immediately began to complain about the pain in his hand. He claims he wrote several kites requesting to see a physician, but had not seen one as of the date of filing this action. He contends he requested grievance forms from staff members on several occasions but never received them. He indicates he sees Warden Henry Escola almost every day and requests grievance forms from him but is always referred back to jail staff members who do not supply the forms. Mr. Lightner alleges that his hand has now healed with the deformity, leaving him in excessive pain.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss under 28 U.S.C. §1915(e) any claim in an in forma pauperis action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
(continued...)

Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). Mr. Lightner fails to state a claim upon which relief may be granted against two of the defendants. For the reasons stated below, the claims against the Columbiana County Jail and Civi Genics are dismissed.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of Columbiana County which may have resulted in the deprivation of a federally protected right of the plaintiff.

Similarly, Mr. Lightner cannot establish the liability of Civi Genics absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). It is well established that §1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Supervisory officials may be deemed liable for the

---

(...continued)
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

unconstitutional actions of subordinates only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). The complaint simply contains no facts which associate this defendant to any of the claims set forth by plaintiff or which reasonably suggest that it encouraged, acquiesced in, or established policies resulting in the violation of Mr. Lightner's Constitutional rights.

## *Conclusion*

Accordingly, plaintiff's claims against Civi Genics and the Columbiana County Jail are dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This case shall proceed solely on plaintiff's claims against Det. Sgt. Walker, Henry F. Escoia, and Van Kridler. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon these defendants.

IT IS SO ORDERED.

 s/ Peter C. Economus 6/30/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.