# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **HOWARD A. LIGHTNER,** | ) | **CASE NO.  4:06CV0820** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **DET. SGT. WALKER,** *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **DEFENDANT.** | ) | |
| | ) | |

This matter is before the Court upon the Interim Report and Recommendation of Magistrate Judge James S. Gallas.  (Dkt. # 35).

On April 6, 2007, Plaintiff, Howard A. Lightner ("Plaintiff") filed a Complaint pursuant to Title 42 U.S.C. § 1983 claiming denial of adequate medical treatment.  On July 3, 2006, this matter was referred to Magistrate Judge James S. Gallas for general pretrial supervision, including all motions.  (Dkt. # 6).  Defendant, Detective Sergeant Walker ("Walker") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on August 24, 2006.  (Dkt. # 16).  After numerous unsuccessful attempts by the Court to determine Plaintiff's whereabouts, Walker filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  (Dkt. # 27).  Thereafter, Defendants, Henry F. Escoia ("Escoia") and Van Kridler ("Kridler") also filed a motion to dismiss for Plaintiff's failure to prosecute his claim.  (Dkt. # 30).

In his report, the Magistrate Judge recommends denying both motions to dismiss

for failure to prosecute as Plaintiff has recently filed a notice of his current address and appears to have finally shown some interest in the above-captioned matter. (Dkt. #s 27, 30). The Magistrate Judge further recommends that the Court deny Walker's motion to dismiss for failure to state a claim because "the allegations and the reasonable inferences from these allegations do not negate the possibility that [P]laintiff can prove some set of facts in support of his claims that would entitle him to relief." (Dkt. # 16).

Walker filed objections to the Magistrate's interim report, contending that Plaintiff's failure to oppose Walker's Rule 12(b)(6) motion to dismiss serves as "a clear indication that the motion should be granted." (Dkt. # 36). He also contends that Plaintiff's failure to respond to the Rule 12(b)(6) motion indicates Plaintiff's failure to prosecute his case. In addition, Walker argues that, pursuant to Wu v. T.W. Wang, Inc., 420 F.3d 641 (6th Cir.2005), Defendants have been, and will be, prejudiced by Plaintiff's lack of prosecution. (Dkt. # 36). Walker, in his objections, aptly notes that "all the Plaintiff has done in this case was to file his Complaint and then, after the co-defendants' counsel bothered to track him down, to file a change of address." (Dkt. # 36). Further, Plaintiff has failed to respond to either motion to dismiss for failure to prosecute, despite being instructed to do so in an order dated January 8, 2007 signed by the Magistrate Judge. (Dkt. # 29).

Generally, the United States Court of Appeals for the Sixth Circuit has repeatedly reversed the dismissal of cases resulting from litigants' failure to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal. See Wu, 420 F.3d at 644 (quoting Harris v.

Callwood, 844 F.2d 1254, 1256 (6th Cir.1988).  However, in the instant matter, the Magistrate Judge filed a report and recommendation, albeit prematurely, recommending that this case be dismissed for failure to prosecute.  The Magistrate, in withdrawing his report, then directed the Plaintiff to respond Walker's motion to dismiss.  (Dkt. # 29). Plaintiff has been put on notice that dismissal of his claim has been contemplated by the Court, yet has still failed to respond to any of the three motions to dismiss.  Though Plaintiff has finally filed a response to Walker's objections to the Magistrate's Interim report, the Court finds that Plaintiff's failure to communicate with the Court and properly prosecute this action for over seven months constitutes an appropriate situation for dismissal.

The Court has reviewed the report and recommendation of the Magistrate Judge, *de novo*.  For the aforementioned reasons, the Court finds that Defendant's objections are persuasive, and though the Court concurs with much of the report's analysis, nonetheless disagrees with the report's result.  As such, the Court declines to adopt the report of the Magistrate Judge.  Therefore, the Magistrate Judge's report and recommendation (Dkt. # 35) is hereby **OVERRULED** and Defendants' motions to dismiss for failure to prosecute are **GRANTED**.  (Dkt. #s 27, 30).  Accordingly, this matter is **DISMISSED**.

**IT IS SO ORDERED**.

> **/s/ Peter C. Economus - March 30, 2007**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**