**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **HOWARD A. LIGHTNER,** ) | **CASE NO.  4:06CV0820** |
| ) | |
| **PLAINTIFF,** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **V.** ) | |
| ) | |
| **DET. SGT. WALKER,** *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **DEFENDANT.** ) | |
| ) | |

This matter is before the Court upon Plaintiff, Howard A. Lightner's "Motion for Reconsideration of the Court's Memorandum Opinion and Order for Dismissal filed March 30th, 2007.  (Dkt. # 42).

On April 6, 2007, Plaintiff, Howard A. Lightner ("Plaintiff") filed a Complaint pursuant to Title 42 U.S.C. § 1983 claiming denial of adequate medical treatment.  On July 3, 2006, this matter was referred to Magistrate Judge James S. Gallas for general pretrial supervision, including all motions.  (Dkt. # 6).  The Magistrate Judge filed a report recommending that the Defendant, Detective Sargent Walker, ("Walker") and Defendants, Henry F. Escola ("Escola") and Van Kridler ("Kridler") motions to dismiss for failure to prosecute be denied.  (Dkt. # 35).  The report further recommended that Walker's motion to dismiss for failure to state a claim be denied as well.  (Dkt. # 35).  This Court found that Plaintiff's consistent failure to communicate with the Court and properly prosecute this action warranted dismissal, and, on March 30, 2007, declined to adopt the Magistrate

Judge's report and granted Defendants' motions to dismiss for failure to prosecute. (Dkt. #s 39, 40).

On April 17, 2007, Plaintiff filed a "Motion for Reconsideration of the Court's Memorandum Opinion and Order for Dismissal filed March 30, 2007." (Dkt. # 42). Walker filed his brief in opposition to Plaintiff's motion on April 18, 2007. (Dkt. # 44). On May 1, 2007, Escola and Kridler filed a brief in opposition to the motion for reconsideration. (Dkt. # 45).

A motion to reconsider a judgment is properly treated as a motion to alter or amend that judgment under Fed. R. Civ. P. 59(e). See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). The Court may alter or amend its judgment upon a motion pursuant to Fed. R. Civ. P. 59, which provides, in pertinent part:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
>
> \* \* \*
>
> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after of the judgment.

Fed. R. Civ. P. 59(e). A Rule 59(e) motion can be granted only for one of three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or an

intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999).

In the instant matter, Plaintiff did not file his Motion for Reconsideration until approximately eighteen days after this Court entered its judgment. Notwithstanding the untimeliness of Plaintiff's motion, the Court is again unpersuaded by Plaintiff's explanations as to why he was unable to properly prosecute his case. The United States Court of Appeals for the Sixth Circuit has found an abuse of discretion in denying a Rule 59(e) motion and refusing to vacate a Rule 41(b) dismissal for failure to prosecute where the plaintiff has provided an affidavit detailing a good faith effort to prosecute his case. See Bell v. Commins, 198 F.3d 244 (6th Cir.1999) (The plaintiff's efforts in providing the court with stamped withdrawal slips showing that he had timely authorized the prison to mail required documentation, along with his sworn affidavit, justified vacating the district court's denial of a Rule 59(e) motion.). No such supporting documentation or affidavits have been presented to the Court in this matter.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**. (Dkt. # 42)

**IT IS SO ORDERED**.

**/s/ Peter C. Economus - May 15, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**