# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **HOWARD LIGHTNER,** | ) | **CASE NO. 4:06 CV 820** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **DET. SGT. WALKER,** *et al.*, | ) | |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |

This matter is before the Court upon Plaintiff Howard Lightner's ("Plaintiff") "Brief on Reconsideration." (Dkt. # 47).

Plaintiff filed the Complaint in the instant matter on April 7, 2006. (Dkt. # 1). This Court dismissed two of the five named Defendants and referred the case to Magistrate Judge James S. Gallas. (Dkt. # 5, 6). Defendants' Motion to Dismiss for lack of prosecution was granted and the case was closed on March 30, 2007. (Dkt. # 39, 40). Plaintiff's first Motion for Reconsideration was denied. (Dkt. # 42, 46).

In the instant "Brief on Reconsideration," Plaintiff "ask[s] this court to reopen [his] case." (Dkt. # 47). Therefore, the Court will treat the pleading as a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See Goins v. Saunders, 206 Fed.Appx. 497, 499 (6th Cir. 2002) (reviewing a *pro se* "motion for reopening of petition for habeas corpus" as a Rule 60(b) motion).

Rule 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.PRO. 60(b).  As Plaintiff's motion does not fall under any of the first five categories of Rule 60(b), he must rely on the catch-all provision of Rule 60(b)(6).  Goins, 206 Fed.Appx. at 499.

The Sixth Circuit has noted that "relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity *mandate* relief."  GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007)(internal quotations omitted; emphasis in original).  Plaintiff has offered no "extraordinary circumstances which would justify reopening a final judgment."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Therefore, Plaintiff's Motion for Relief from Judgment is **DENIED**.  (Dkt. # 47).

**IT IS SO ORDERED**.

> **/s/ Peter C. Economus – November 27, 2007**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**